IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRISTOPHER A. EASON                                                                          PETITIONER

v.                                    NO. 5:18-cv-00109 KGB/PSH

WENDY KELLEY, Director of the                                                             RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

STATE COURT PROCEEDINGS. On May 3, 2011, petitioner Christopher A. Eason ("Eason") was charged in an Arkansas state trial court with, inter alia, nine counts of first degree battery. He did not appear in court to answer the charges, though, until roughly two years later, at which time counsel was appointed to represent Eason.

Prior to trial, Eason filed a motion to represent himself. The state trial court took up the request at a hearing on January 14, 2014. The court began by telling Eason that he had an absolute right to represent himself but "strongly recommended" that he not. See Docket Entry 15, Exhibit 1/F at CM/ECF 123. When Eason insisted on representing himself, the court took a brief recess to review the requirements for considering such a request. See Docket Entry 15, Exhibit 1/F at CM/ECF 124. When the hearing reconvened, the court engaged in a lengthy colloquy with Eason in accordance with Faretta v. California, 422 U.S. 806 (1975).[1] See Docket Entry 15, Exhibit 1/F at CM/ECF 128-147.[2] The court repeatedly stressed that Eason was making a mistake by representing himself and even offered the assistance of standby counsel. See Docket Entry 15, Exhibit 1/F at CM/ECF 146. Eason declined the offer and continue to insist that he be allowed to represent himself. The court eventually granted the request and permitted Eason to represent himself.

---

[1]  Faretta v. California requires a defendant to assert his right to self-representation clearly and unequivocally. If the request is clear and unequivocal, a hearing must follow to ensure the defendant is knowingly and intelligently waiving counsel and to inform him of "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" See Bilauski v. Steele, 754 F.3d 519, 522 (8th Cir. 2014) [quoting Faretta v. California, 422 U.S. at 835].

[2]  For the sake of brevity, the undersigned will not reproduce the colloquy. An accurate summation of the colloquy is set forth in the supplemental response filed by respondent Wendy Kelley. See Docket Entry 15 at CM/ECF 2-8.

On January 28, 2014, the state trial court conducted a hearing on the motions pending in the case at that time. During the hearing, the court had the following exchange with Eason:

> BY THE COURT: … Mr. Eason, do you recall when I last had you in court here we had the discussion and I was giving you various reasons why I was advising you to allow an attorney to represent you. Do you remember that process?
>
> BY MR. EASON: Yes, Sir.
>
> BY THE COURT: I wanted to tell you one more thing, I want to make sure you understand: As I reviewed the Information that has been filed against you, you are looking at the possibility of a jury verdict of 285 years in the Department of Corrections.
>
> And the Supreme Court has made it clear that I need to make clear to you that that's a possibility in this case? Do you understand?
>
> BY MR. EASON: Yes, Sir.
>
> BY THE COURT: And you still are choosing to represent yourself?
>
> BY MR. EASON: Yes, Sir.
>
> BY THE COURT: All right.

See Docket Entry 15, Exhibit 1/F at CM/ECF 165.

Respondent Wendy Kelley ("Kelley") represents, and the record supports the representation, that Eason never subsequently sought to withdraw his waiver of counsel and "never expressed any doubt about his chosen course." See Docket Entry 15 at CM/ECF 9. Kelley additionally represents, and the record supports the representation, that the state trial court continued to note Eason's waiver, "mainly to lament his decision to proceed pro se," but never did so in the presence of the jury. See Docket Entry 15 at CM/ECF 9.

On February 20, 2014, Eason was convicted of nine counts of first degree battery and sentenced as an habitual offender to 285 years imprisonment.[3] Eason was notified at the time of his sentencing that he had thirty days within which to file an appeal, and he was cautioned that the state appellate courts strictly adhered to that requirement.

Eason attempted to appeal his conviction, but he never completed the steps for doing so. With respect to the steps he did take, the undersigned adopts the following summary provided by Kelley:

> Eason's original sentencing order was entered ... on February 24, 2014. ... On March 21, 2014, Eason filed pleadings styled a petition for a writ of certiorari, ... a petition for a writ of error coram nobis, ... a petition for a writ of habeas corpus, ... and a notice of appeal, ... Closer inspection of the petitions ... reveals that they are each three pages long—the first being the caption, the last the certificate of service—each containing the same copy of a one-page list of "questions presented for review," followed by a list of five asserted errors: four regarding the credibility of various witnesses, and one regarding the admission of the surveillance tape that showed Eason just before and just after the shootings, dressed as the shooter was described and carrying a gun. ...
>
> Eason also separately filed a self-styled notice of appeal. The notice did not contain any of the information required by Ark.R.App.P.—Crim. 2(a), which governs the filing and form of a notice of appeal—it did not identify the judgment being appealed and appellate court being appealed to, and did not aver that arrangements had been made regarding the trial transcript—but instead referenced the petitions he filed that day, describing them as "petition[s] for appeal" and, incongruously, citing Rule 37 of the Arkansas Rules of Criminal Procedure.
>
> An amended sentencing order was entered ... on March 27, 2014.
>
> On April 2, 2014, the circuit court entered an order finding that Eason was entitled to a transcript at public expense. ... Some five months later, Eason filed motions for appointment of counsel ... and a pleading styled a motion for relief, ...

---

[3]   Eason was sentenced to thirty years imprisonment for each count of first degree battery. He also received a fifteen-year firearm enhancement. The sentences were ordered to be served consecutively, resulting in a term of imprisonment of 285 years.

4

See Docket Entry 11 at CM/ECF 6-7. The motion for appointment of counsel was never addressed, and counsel was never appointed to represent Eason on appeal.

On September 8, 2015, Eason filed a pro se motion for belated appeal with the Arkansas Supreme Court and asked that counsel be appointed to represent him on appeal. Eason did not tender the certified partial record necessary to file the motion, though, until February 23, 2017. The state Supreme Court denied the motion for belated appeal on April 27, 2017, and gave the following reason for doing so:

> Belated appeals in criminal cases are governed by Rule 2(e) of the Arkansas Rules of Appellate Procedure—Criminal (2016). The Rule provides, in pertinent part[,] that "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment." Eason first tendered the motion for belated appeal here on September 8, 2015, but he did not tender the certified partial record necessary to file the motion until February 23, 2017. The eighteen-month period to file a motion for belated appeal in the case ended on August 27, 2015. Accordingly, Eason did not meet his burden of filing a timely motion under the Rule.
>
> This court has consistently held that no motion for belated appeal will be considered unless application is made within the eighteen-month period allowed by the Rule. Eason tendered his motion outside the eighteen-month period, but, even if he had tendered the motion within that period, the tendering of a motion without the certified record necessary to file it does not equate with the filing of the motion. [Citation omitted].

See Eason v. State, 2017 Ark. 160, 2017 WL 1536474 (2017). The motion for appointment of counsel was denied as moot.

Eason did not thereafter seek post-conviction relief or otherwise mount a collateral attack upon his conviction. For instance, he never filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.

THE PLEADINGS AT BAR. On April 23, 2018, Eason signed the petition at bar, one pursuant to 28 U.S.C. 2254. He raised several claims in the petition, some of which involved his lack of a direct appeal and his lack of counsel on appeal.[4] With respect to the timeliness of his petition, he alleged, in part, the following:

> [I] had filed a timely notice of appeal with the proper courts holding jurisdiction over my case at that time, with the expectations that appointment of counsel was required by the due process and equal protection clauses … The record will not show any affidavit from [me] to support a waiver of effective assistance of counsel. [I have] since diligently been seeking the rights due … [an] appeal of [my] conviction. It was not clear why the trial court did not appoint [me] an attorney after it [found] that [I] was in fact indigent and desired [an] appeal of [my] conviction. … All I want is to have a proper appeal done please, and effective assistance of counsel appointed to me to represent my case like it was supposed to be done from the beginning of the procedures. …

See Docket Entry 2 at CM/ECF 13-14.

---

[4] Eason's claims appear to be as follows: (1) he was denied the right to a direct appeal because he was abandoned on appeal, did not voluntarily and knowingly waive his right to counsel on appeal, and was not apprised of his right to appeal; (2) Eason was denied the right to counsel on direct appeal; (3) Eason was denied due process of law because the evidence was insufficient to support his conviction for nine counts of first degree battery; (4) he was denied a speedy trial because he was charged in May of 2011 but not tried until February of 2014; (5) an invalid search warrant was used to obtain evidence against him because the warrant lacked probable cause and was supported by false statements; (6) the prosecutor engaged in misconduct during closing argument because he mentioned Eason's post-arrest silence and vouched for a witness' credibility; (7) Eason was improperly sentenced because the prosecutor failed to follow the sentencing procedure set forth in the Arkansas habitual offender statute; (8) Eason's conviction and sentence violate double jeopardy because he was sentenced for multiple counts of first-degree battery; (9) the trial court judge committed error when he sentenced Eason in accordance with the jury's recommendation; (10) Eason was denied due process when an allegedly biased venireman was permitted to serve on the jury; (11) Eason was denied due process with respect to a presumption that a person intends the ordinary consequences of his actions; (12) the trial court judge committed error when he answered a jury question in open court during the jury's deliberations; (13) the trial court judge committed error when he admitted into evidence a videotape for which no foundation had been laid; (14) the trial court judge committed error when he limited Eason's right to fully cross-examine the victim; (15) the trial court judge committed error when he failed to exclude as hearsay portions of the victim's testimony; (16) Eason's sentence was in contravention of the Arkansas Sentencing Guidelines; (17) the sentencing order is invalid because the box indicating that Eason was sentenced as an habitual offender was not marked; (18) the trial court judge committed error by allowing a witness to testify who was not on the prosecutor's witness list; (19) the trial court judge committed error when he failed to conduct a hearing on Eason's competency; and (20) the trial court judge committed error when he refused to instruct the jury on lesser-included offenses.

Kelley filed a response to Eason's petition. In the response, Kelley maintained that Eason's petition is time barred, his state law claims are not cognizable in this type of proceeding, and his remaining claims are procedurally barred from federal court review.

Before giving serious consideration to Kelley's assertions, the Court accorded Eason an opportunity to file a reply. Eason took advantage of that opportunity by filing a lengthy reply. With respect to Kelley's assertion that the petition is time barred, Eason alleged, in part, the following:

> … [I am] actually innocent of the charges, … the judgment [and] commitment order is invalid on [its] face, … the sentencing court lacked … jurisdiction, and ineffective assistance of counsel[;] … [I plead] these grounds of facial invalidity of [my] conviction to warrant the extraordinary circumstances causing my appeal procedure to be delay as untimely, warranting equitable tolling … The direct review, as well as the belated appeal or even the Notice of Appeal being filed on time warranted equitable tolling of the one-year statute of limitations, being that it was of no fault of my own being late. The petition should be granted and equitable tolling should be granted under actual innocence …

See Docket Entry 13 at CM/ECF 2.

The undersigned then began reviewing the parties' pleadings and exhibits. In doing so, the undersigned noted that the March 27, 2014, amended sentencing order indicated that Eason did not make a voluntary, knowing, and intelligent waiver of his right to counsel. He also appeared to maintain that if his petition were untimely, or his claims subject to a procedural default, the defects should be excused because he was denied counsel at trial and on appeal. Because of the uncertainly surrounding those issues, the undersigned determined that a supplemental response from Kelley would be beneficial.

Kelley subsequently filed a supplemental response in which she addressed the issues identified by the undersigned. Kelley represented, inter alia, that Eason clearly and unequivocally asserted his right of self-representation, and the state trial court conducted a hearing that conformed to the requirements of Faretta v. California. As a result, Kelley maintained that the March 27, 2014, amended sentencing order contains nothing more than a "scrivener's error." See Docket Entry 15 at CM/ECF 9. Second, Kelley represented that the court conducted a thorough hearing on Eason's request to proceed pro se and could and did properly find that he voluntarily, knowingly, and intelligently waived his right to counsel. "Because there was no deprivation of [Eason's right to counsel] at trial, the time-bar and procedural default analyses outlined in [Kelley's initial] response stand." See Docket Entry 15 at CM/ECF 12.

LIMITATIONS. A state prisoner has one year during which he may file a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. If he does not file his petition within that one year period, or if the untimely filing of his petition is not excused, the petition is forever barred. 28 U.S.C. 2244(d) provides that the one-year period begins from "the latest of" one of four dates.

Kelley holds the position that 28 U.S.C. 2244(d)(1)(A) should be used to determine if Eason's petition is timely. The sub-paragraph provides that the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." For a petitioner who did not seek review in a state's highest court, the judgment becomes final "on the date that the time for seeking such review expires." See Gonzalez v. Thaler, 565 U.S. 134, 137 (2012).

When does the time for seeking direct review expire in the State of Arkansas? Is it at the conclusion of the thirty-day period for filing a "regular" direct appeal or is it at the conclusion of the eighteen-month period for filing a motion for belated appeal?[5] The undersigned assumes, arguendo, that the time for seeking direct review expires at the conclusion of the eighteen-month period for filing a motion for belated appeal. Here, the Arkansas Supreme Court found that the period ended on August 27, 2015. The undersigned adopts the finding and concludes that the one-year limitations period of 28 U.S.C. 2244(d)(1)(A) began on Friday, August 28, 2015. Thus, Eason had through Monday, August 29, 2016, to file a timely petition pursuant to 28 U.S.C. 2254.

Eason signed the petition at bar on April 23, 2018, and placed it in the prison mailing system the following day. Because the one-year period for filing a petition pursuant to 28 U.S.C. 2254 expired on August 29, 2016, his petition is untimely unless there is some reason for tolling the period or otherwise excusing his untimely filing.[6]

---

[5]   The Court of Appeals has apparently never answered that question. See Lewis v. Norris, 454 F.3d 778 (8th Cir. 2006).

[6]   It is not impossible that the applicable limitations period is found in 28 U.S.C. 2244(d)(1)(D). It provides that the one-year period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate of a claim constitutes the vital facts underlying the claim. See Earl v. Fabian, 556 F.3d 717 (8th Cir. 2009).

Here, Eason knew or should have known of all but two of his claims by no later than March 27, 2014, i.e., the day the amended sentencing order was entered. At what point could he have discovered through the exercise of due diligence that he had not been granted a direct appeal and counsel had not been appointed to represent him on appeal? The answer to that question is not clear, but it is undeniable he knew by September 8, 2015, as that was the date on which he filed a pro se motion for belated appeal with the Arkansas Supreme Court and asked that counsel be appointed to represent him on appeal.

Using September 8, 2015, as the date on which the factual predicate of Eason's claims could have been discovered through the exercise of due diligence, and the date on which the one-year period began, he had up to, and including, September 7, 2016, to file a timely petition pursuant to 28 U.S.C. 2254. His motion for belated appeal could not toll the one-year period because it was not "properly filed," and he did not sign the petition at bar until April 23, 2018. Thus, the petition at bar is not timely, and the question is whether there is some reason for tolling the one-year period or otherwise excusing his untimely filing.

28 U.S.C. 2244(d)(2) provides that "[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review … is pending shall not be counted toward any period of limitation …" This sub-paragraph is of no benefit to Eason for at least two reasons. First, the only application of any kind he filed between Friday, August 28, 2015, i.e., the date on which the one-year period limitations period began, and Monday, August 29, 2016, i.e., the date on which the one-year limitations period concluded, was the motion for belated appeal he filed on September 8, 2015. The motion was not "properly filed" because it was not filed in a timely manner. Second, the motion for belated appeal was not an application for "[s]tate post-conviction or other collateral review" but was instead an attempt to gain a direct review of his conviction.

When extraordinary circumstances beyond a petitioner's control make it impossible to file a timely petition, the one-year period can be equitably tolled. See Burks v. Kelley, 881 F.3d 663 (8th Cir. 2018). The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" See Id. at 666 [quoting Holland v. Florida, 560 U.S. 631, 649 (2010)]. Equitable tolling is, though, an exceedingly narrow window of relief. See Finch v. Miller, 491 F.3d 424 (8th Cir. 2007).

Eason was convicted on February 20, 2014, and an amended sentencing order was entered on March 27, 2014. Although he attempted to appeal his conviction, he never completed the steps for doing so. He eventually filed a motion for belated appeal on September 8, 2015, or a little more than eighteen months after the amended sentencing order was entered. He did not tender the certified partial record necessary

to file the motion, though, until February 23, 2017, or approximately seventeen months after he first filed the motion. The state Supreme Court denied the motion on April 27, 2017, and he waited until April 23, 2018, or almost a full year, to sign the petition at bar. Given this chronology, the undersigned is not persuaded that Eason has been diligently pursuing his rights.

The undersigned is also not persuaded that some extraordinary circumstance stood in Eason's way and prevented him from filing a timely petition. Admittedly, he has been proceeding without the assistance of counsel since before the beginning of his trial. There is nothing to suggest, though, that his pro se status is an "extraordinary circumstance" and the type of circumstance that will excuse an untimely filing.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, 2018 WL 3193807, 1 (E.D. Ark. 2018) (Baker, J.) [quoting McQuiggin v. Perkins, 569 U.S. 386-87]. "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Id. [quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)].

Eason appears to offer evidence he believes will exonerate him. The evidence warrants no relief for at least two reasons. First, the evidence is not new. Second, the undersigned is not convinced that in light of the offered evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Liberally construing Eason's pro se submissions, he appears to maintain that the untimely filing of his petition should be excused because he never had an appeal and was never represented by counsel during the period for filing an appeal. Although the undersigned concedes that his assertion has some superficial appeal, it ultimately warrants no relief.

Eason's request to represent himself was clear and unequivocal. The state trial court conducted a hearing on the request as required by Faretta v. California. The record establishes that the hearing was quite extensive, and the court adequately apprised Eason of the dangers and disadvantages of self-representation. Thus, Eason knew what he was doing and his choice was made with eyes open. The notation on the March 27, 2014, amended sentencing order that he did not make a voluntary, knowing, and intelligent waiver of his right to counsel is indeed a scrivener's error.

What about the post-trial period during which Eason could have filed an appeal? Kelley knows of no law providing that a right to represent oneself is "extinguished by operation of law at the conclusion of the trial" and maintains that "Eason's assertion of his right to be his own lawyer endured after the trial into appellate proceedings." See Docket Entry 15 at CM/ECF 20. The undersigned agrees with both propositions. Once Eason waived his right to counsel, he bore the responsibility of apprising the state trial and/or appellate courts of his desire for appointed counsel. Eason failed to make that desire known in a timely and appropriate manner. He did file a series of post-trial pleadings, one or more of which contained a request for appointment of counsel. With respect to those submissions and his request for counsel, though, the undersigned adopts the following analysis provided by Kelley:

> … Eason never made a timely, clear request for counsel on direct appeal. He did not ask the [state trial court] to appoint counsel after the court's pronouncement of sentence, when the … court advised him that he had the right to appeal by filing a notice of appeal within 30 days of entry of judgment. Instead, Eason asked where to send his notice, indicating that he intended to continue as his own counsel. Eason subsequently requested appointment of counsel, but he did not do so for purposes of pursuing a direct appeal. Rather, the request for counsel made no mention of direct appeal and instead referred to Rule 37 proceedings and the Sixth Amendment. The request, moreover, was made only after the time for filing a notice of appeal had long since expired. The … court was not required to divine that a motion filed long after the notice of appeal deadline had passed, and whose plain text referred, not to direct appeal but to a postconviction proceeding, was in fact a request for appointment of direct-appeal counsel. In sum, the alleged deprivation of counsel on direct appeal did not occur, and so it cannot serve as a basis for tolling the habeas statute of limitations …

See Docket Entry 15 at CM/ECF 20-21.

Eason's failure to receive an appeal or to receive appointed counsel during the post-trial period cannot excuse the untimely filing of his petition. The undersigned can find no reason for tolling the limitations period or otherwise excusing the untimely filing of Eason's petition. It is therefore time barred.

RECOMMENDATION. The undersigned recognizes that the result of this case is rather harsh, i.e., Eason will not receive appellate review of his conviction and 285-year sentence. When Eason waived his constitutional right to counsel, though, he set in motion an unfortunate chain of events. The fallout from those events was exacerbated by his lack of diligence in re-asserting his right to counsel. Although the lack of appellate review is a matter of much concern, Eason filed the petition at bar outside the one-year limitations period, and there is no reason for tolling the period or otherwise excusing his untimely filing. His petition should be dismissed as time barred. All requested relief should be denied, and judgment should be entered for Kelley.

DATED this 10th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE